(No. 3824—

ED HAHNENSTEIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1945.*

ALVIN A. BURKART, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on the 10th day of December, 1943, for benefits under the Workmen's Compensation Act.

The record consists of the complaint, report of the Division of Highways, stipulation, brief, and argument on behalf of respondent and waiver of the claimant to file a statement, brief and argument.

From this record we find that the claimant, Ed

Hahnenstein was first employed by the Public Works and Buildings, Division of Highways on April 7, 1941, as maintenance supervisor and at the time of the alleged injury was earning eighteen hundred and seventy dollars ($1,870.00) annually as an employee of the respondent.

On the 31st day of March, 1943, the claimant was assisting a fellow employee to close the endgate of a Divisional Highways truck used in connection with their assigned duties and while the two employees were attempting to remove a stone which had become lodged in the mechanism of the endgate the claimant's right ring finger was caught between the endgate and the truck body injuring it.

The claimant was immediately sent to Dr. C. E. Anderson of St. Charles, Illinois, who rendered first aid and instructed the claimant to report to the Delnor Hospital at St. Charles the next morning for surgical and medical treatment and the shaping of a new finger tip. Claimant complied with these orders, reported to said hospital and received surgical and medical treatment. Dr. Anderson, on May 15 reported to the Division of Highways as follows:

"One-half of distal phalanx of right ring finger missing. Dry dressing on March 31. Hospitalized April 1—local—splinters of bone trimmed smooth—skin sutured. No x-rays taken. Patient was discharged May 15, 1943. Permanent disability is half of distal phalanx of right ring finger, is missing."

The record discloses the defendant lost no time from his employment as result of the injury and makes no claim for temporary total disability. The respondent paid Dr. C. E. Anderson for services rendered, the sum of twenty-five dollars ($25.00) and the Delnor Hospital, St. Charles, Ill., the sum of ten dollars ($10.00).

The record further discloses that the claimant, at the time he received said injury was sixty years of age and resided on North Lake Street Road, Aurora, Illinois. He was married but had no children under sixteen years of age dependent upon him for support. The respondent had immediate knowledge of the accident and claim for compensation was made within six months of the date of injury, and the complaint herein was filed within one year of the said date of injury as provided in Section 24, of the Workmen's Compensation Act. The claimant having complied with the jurisdictional requirements the only question to be decided by this court is the extent of the injury.

Upon consideration of the record the Court finds:

That on the 31st day of March, 1943, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this state; that on said date the claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of said Act; that the earnings of the claimant during the year preceding the accident were $1,870.00; and his average weekly wage was $35.96; that claimant at this time of said injury was 60 years of age and had no child dependent upon him for support; that necessary first aid, medical, surgical and hospital services were provided by respondent; that claimant suffered no temporary disability due to said injury and made no claims therefor; that as a result of said accident claimant suffered the loss of one-half of the distal phalange of the third finger of his right hand, which, under Par. (e)-6 of Section 8 of the Com-

pensation Act is considered the loss of one-half of said finger.

We further find that the claimant is entitled to have and receive from the respondent the sum of $16.50 per week for a period of 12½ weeks for the loss of ½ of the third finger of his right hand amounting to the sum of $206.25 as provided in Par. 4 of Section 8 of the Compensation Act, all of which accrued and is payable in a lump sum.

An award is therefore entered in favor of the claimant Ed Hahnenstein for the sum of $206.25.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."